JS 44 (Rev. 12/12) (Modified by FLSD - April 29, 2013)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS

*Kathy E Emery*

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

*Allied Pilots Associatio*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

FILED by ____ D.C.

FEB 1 9 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

(d) Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☒ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed (See VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment  ☐ 8 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity):*

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE _____    SIGNATURE OF ATTORNEY OF RECORD   *Kathy E Emery*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   IFP _____   JUDGE _____   MAG JUDGE _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**



KATHY E. EMERY,

        Plaintiff,

v.

ALLIED PILOTS ASSOCIATION,

        Defendant.

_____/

PLAINTIFF DEMANDS TRIAL BY JURY

Kathy E. Emery
Mailing Address:
1050 N.E. 91st Street
Miami, Florida 33138
(305) 758-9650

## COMPLAINT

COMES NOW, Plaintiff, Kathy E. Emery, and hereby files her Complaint against the

Defendant,  ALLIED PILOTS ASSOCIATION, and says:

## I.  JURISDICTION AND VENUE

1.     Plaintiff Kathy E. Emery on behalf of herself brings this action against defendant

Allied Pilots Association (the "APA").  The suit is based upon defendant's breach of its duty of

fair representation, and arises under the Railway Labor Act ("RLA"), 45 U.S.C.§§ 151,

(1976) *et.seq.* and pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Age

Discrimination in Employment Act (ADEA) of 1967 as amended, and the Americans with

Disabilities Act Amendment Act of 2008, (ADAAA).  This Court has original federal question

Jurisdiction over the claims asserted by Plaintiff pursuant to 28 U.S.C. §§ 1331 and 1337.

Venue is proper pursuant to 45 U.S.C. §§ 153 (q) and  (p) since defendant has either substantial

contacts in the state of Florida, and the Plaintiff  resides in the state of Florida and is subject to

personal  jurisdiction.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b) and (c)

## II. PARTIES

2.     Plaintiff, Kathy Emery ("Emery"), is a citizen of the United States, who resides in the

State of Florida.  At all times relevant to the facts and claims asserted herein, Plaintiff is and had

been a member in good standing of the Defendant Allied Pilots Association and a pilot who is

covered under the Collective Bargaining Agreement between American Airlines, Inc.,

("American") and the Allied Pilots Association.

3.     Defendant Allied Pilots Association (the "APA") is a labor organization with its

principal office in the State of Texas.  The APA has been accorded exclusive recognition, and is

the exclusive representative of the pilot employees in the service of American Airlines, Inc.,

("American") or "AA") and is entitled to act for, and negotiate collective bargaining agreements

covering all pilots in the bargaining unit.

### III. FACTUAL BACKGROUND

#### Employment History

4.    On September 2, 1992 Plaintiff Kathy Emery was hired as a Commercial Pilot for

American Airlines, Inc.  Prior to that date Plaintiff had enjoyed a successful career as a pilot for

Pan American World Airways (Pan Am)

5.    Plaintiff was hired by American Airlines after Pan American Airlines ceased

operations in 1991.

6.    When Plaintiff was hired by American, she was a highly qualified individual and had

always held a FAA First Class Medical Certificate.

#### Medical Disqualification/Disability History

7.    After more than ten (10) years of service with American Airlines, Plaintiff was

medically disqualified from performing duties as a pilot following a required medical evaluation,

conducted by the company.

8.    In or around April 2003 Plaintiff filed for long-term disability benefits under

American Airlines Retirement Benefit Program.

9.    Prior to approving Plaintiff's benefits, American Airlines Corporate Medical

Director, Thomas H. Bettes, M.D., directed Plaintiff to contact and begin treatment with an

American Airlines assigned physician, Dr. Enrique M. Suarez,  Initiating this treatment and

Following Dr. Suarez recommendations was a pre-condition for receipt of disability benefits

and eventual medical return to work.  Failure to comply with AA's directives would subject

Plaintiff to termination for insubordination.

10.   After Plaintiff initiated treatment with Dr. Suarez, Dr. Bettes approve Plaintiff for long-term disability benefits under the Program, effective March, 2003.

11.   During the next four years, Plaintiff satisfied all Program requirements and continuously received monthly disability benefits, including continuous medical care and treatment from Dr. Suarez, who regularly provided American's medical department with updates regarding Plaintiff's condition.

12.   On January 25, 2007, notwithstanding American's full knowledge of Plaintiff's compliance with its medical directives, and direct contact with her American Airlines assigned physician, Dr. Thomas Bettes terminated Plaintiff's disability benefits without prior notice. .

13.   Plaintiff's disability benefits were automatically stopped when Dr. Bettes, notified American Airlines Pension Plan Administration, "that medical information pertaining to the continuation of Plaintiff's long term disability benefits had been requested and due to lack of Substantiation disability benefits cease on January 31, 2007."

14.   Plaintiff received notice from Dr. Bettes that disability benefits are being terminated ex post facto.  The notice stated in part, "it cannot be established, that you continue to remain disabled and unable to pursue obtaining your FAA medical certificate with the goal of returning to your job as a pilot for American Airlines."

15.   Upon Plaintiff's receipt of that notice, Plaintiff immediately contacted American Airlines Medical Department and AA's Disability Nurse Case Manager, Jeanne Spoone seeking further clarification.

16   Plaintiff was informed that no additional information would be provided and Plaintiff's only recourse was to file an administrative appeal with American Airlines Pension

Benefits Department (PBAC).

17.    On February 28, 2007, Plaintiff wrote Dr. Bettes a letter requesting further clarification and requesting that he schedule Emery for a FAA First Class Medical and AA Medical Clearance to Return to Work (RTW), pursuant to Section 20 and other provisions of the pilots Collective Bargaining Agreement (CBA).

18.    Neither Dr. Bettes nor American ever responded to Plaintiff's letter.

19.    Plaintiff also contacted the Miami Flight Office who advised her that she should direct all inquiries to Dr. Bettes, American Airlines Corporate Medical Director.

## The Disability Appeal

20.    August 20, 2007, with no response from AA Medical concerning Plaintiff's request for medical clearance to return to work, Plaintiff appeal the adverse benefit determination with AA's Pension Benefits Administration Committee (the "PBAC") which appeal was denied on October 22, 2007.

21.    The denial notice stated in part, "Western Medical Evaluators, Inc. (a medical consulting company under contract with American Airlines) determined that the evidence presented does not document your continued disability or receipt of continued appropriate medical care.

22.    This despite the fact that since 2003 through the decision date, Plaintiff was under the care of a physician selected and assigned to Plaintiff by American Airlines (See ¶ 9 above) and Plaintiff was fully compliant with all of American Airlines treatment recommendations.

23.    Citing WME's report, on October 22, 2007 the PBAC upheld Dr. Bettes termination of Plaintiffs benefits.

24.    More than three years later, Plaintiff discovered that WME was not a clinical source,

as was required under the Plan and the pilots Collective Bargaining Agreement, but was instead a small workers-compensation claims processor that worked for large companies and insurers.

25.    Plaintiff would later learn that the medical license of WME's principal and Corporate Medical Director, Dr. Howard Douglas, had been revoked by the Texas Medical Board for "dishonorable, and unprofessional conduct likely to defraud or deceive public in the future, and professional failure to practice medicine in an acceptable manner consistent with public welfare."

26.    In July 2008, WME was sued by Capital Funding Solutions, Inc. in the US District Court, FLSD, Case No. 08-61106-SEITZ, for perpetrating two separate and distinct fraudulent Schemes," which consisted of acts of medical claim fraud, and billing fraud, involving false claim forms and altered claim forms.  These acts were committed from January 2007 through July 2008, during the precise time-frame American Airlines PBAC Committee used WME to review career pilots; disability claims.

27.    Significantly, in that case, former WME employees testified that WME paid doctors 20% of their normal fee to wrongfully deny claimant's benefits, that WME's principal directed Employees to perform illegal acts, and that WME's principal would not wait on doctors to complete reports, and instead would create and sign the evaluation reports herself.

28.    During the period of time that American Airlines utilized WME to conduct pilot medical reviews, American Airlines Disability Nurse Case Manager, Jeanne Spoon tracked cost savings data on spreadsheets she compiled.  Documentation from the spreadsheets were used to calculate cost savings using two dates-the benefit termination date and the estimated return to work date of disabled American Airlines pilots.

## IV.  CAUSE OF ACTION

## COUNT 1: BREACH OF THE DUTY OF FAIR REPRESENATION IN VIOLATION OF THE RAILWAY LABOR ACT

76.   Plaintiff incorporates the allegations contained in Paragraphs above as if fully stated herein and says further that:

77.   The failure of the Defendant Allied Pilots Association to fairly represent Plaintiff Kathy Emery, who had been wrongfully terminated by American Airlines in is a breach of the APA's duty to fairly represent Kathy Emery, who was and is a member of the Allied Pilots Association.

78.   The effect of Defendant's failure to fairly represent Kathy Emery in a reasonalble manner is a violation of the Railway Labor Act.

79.   But for the arbitrary, discriminatory and deliberate, bad faith actions of the APA, in regard to Plaintiff, Kathy Emery's grievance, she would have enjoyed the same employee pay and benefits as enjoyed by other pilot members of the Allied Pilots Association

## V.  PRAYER FOR RELIEF

**WHEREFORE,** Kathy Emery respectfully request that the Court enter judgment in her favor against the Allied Pilots Association for damages resulting from the breach of duty of fair representation of pilot Emery, consisting, among other things, of compensation for lost benefits and/or wages, due to the arbitrary, discriminatory, and bad faith acts of the APA in the perfunctory handling of her grievance.  Defendant prays that the Court will make FO Emery whole by awarding her the pay and/or benefits allowed other pilot members (plus interest) and cost of suit;

i.   Award such further relief as the Court deems just and proper.

Respectfully submitted this 19th day of February, 2016.


Kathy E. Emery
Mailing Address
1050 N.E. 91st Street
Miami, Florida 33138
9305) 758-9650