UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80243-CIV-MARRA/MATTHEWMAN

KATHY E. EMERY,

    Plaintiff,

vs.

ALLIED PILOTS ASSOCIATION,

    Defendant.
_____/

## ORDER AND OPINION DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Allied Pilots Association's Motion to Dismiss [DE 20]. The Court has carefully considered the motion, response, reply, entire Court file and is otherwise fully advised in the premises.

## INTRODUCTION

*Pro se* plaintiff, Kathy Emery, ("Plaintiff") was formerly a pilot employee of American Airlines ("American") and is a member of defendant Allied Pilots Association ("APA"), the certified collective bargaining representative of American pilots. The Complaint alleges one count: that the APA breached its duty of fair representation in violation of the Federal Railway Labor Act, 45 U.S.C. § 151, *et seq.* (hereinafter "RLA") in connection with her contractual grievances against American. Plaintiff alleges, among other things, that the APA refused to discuss her case with her or accept documents she wanted marked as exhibits for the arbitration, purposely withheld critical information from her, misled the arbitrator that she would be hiring

private counsel, exhibited open hostility toward her, and has a conflict of interest with her grievances.  As a remedy, she seeks damages including compensation for lost benefits and wages.  APA moves to dismiss the Complaint as unripe on the grounds that Emery has not yet exhausted the contractual grievance remedies available to her under the collective bargaining agreement between the APA and American.  DE 20.  Fed. R. Civ. P. 12(b)(1).

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint.  See *McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007) ("*McElmurray*").  A factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'"  See *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  If the defendant challenges the factual predicate of subject matter jurisdiction, this Court may then go beyond the allegations of the complaint, without converting the motion to dismiss to a summary judgment proceeding, and consider evidence to determine if there are facts to support the jurisdictional allegations.  Fed. R. Civ. P. 12(b)(1); *Flournoy v. Govt. Nat'l Mortgage Assoc.*, 156 F. Supp. 3d 1375, 1378 (S.D. Fla. 2016); *McGee v. Cole*, 993 F. Supp. 2d 639 (S.D. W. Va. 2014).

Here, Defendant advances a factual attack on the instant Complaint arguing this Court lacks subject matter jurisdiction because Plaintiff's claims are not ripe for adjudication because they rest upon contingent future events that may not occur as anticipated. Accordingly, this Court could properly consider evidence outside the pleadings in determining whether the Complaint should be dismissed, but finds it unnecessary to do so.

## DISCUSSION

The RLA imputes a duty of fair representation that requires a union to treat all members of the collective bargaining unit fairly, adequately, and in good faith at all stages of bargaining. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65 (1991). "Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes,* 386 U.S. 171, 177 (1967).

Generally, under the RLA, grievances that arise between employees and air carriers regarding rates of pay, rules and working conditions are within the exclusive jurisdiction of the National Railroad Adjustment Board. *Andrews v. Louisville and Nashville Railroad*, 406 U.S. 320, 322, 325 (1972) (the RLA mandates exclusive jurisdiction in the grievance procedure and the National Railroad Adjustment Board for the resolution of claims which are founded solely and exclusively on the collective

bargaining agreement); *see Union Pacific Railroad v. Sheehan,* 439 U.S. 89, 93-94 (1978); *Glover v. St. Louis-San Francisco Railway*, 393 U.S. 324, 328 (1969) ("*Glover*").  When an employee's claim is based upon breach of the collective bargaining agreement, she is bound by the terms of that agreement which govern the manner in which contractual rights may be enforced.  For this reason, it is settled that an employee "must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." *Glover*, 393 U.S. at 330 citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965); *Vaca v. Sipes*, 386 U.S. 171, 184 (1967).

      The APA argues that Plaintiff's claim is unfit for adjudication because any harm to Plaintiff from APA's alleged breach of its duty of fair representation is derivative of, and thus contingent on, her contractual grievance against American.  APA argues that "regardless of whether the arbitral relief potentially available to Emery on her breach-of-contract claim against American is sufficient to make her whole, it is a necessary prerequisite for an eventual finding of liability against the APA for breaching its [duty of fair representation]."  DE 28 at 10 of 15.  Stated another way, APA argues, "[u]nless Emery can establish that American wrongly denied her benefits in violation of the [collective bargaining agreement], she will not have any underlying injury that the APA could have exacerbated through its alleged breach of its duty of fair representation."  DE 20 at 13 of 22.  APA further argues that Plaintiff "has neither exhausted her contractual remedies nor satisfied either of the exceptions to the

exhaustion requirement." *Id*. At 15 of 22.

Plaintiff makes two arguments in response: (1) that the circumstances in this case meet the standards of well recognized exceptions to the exhaustion requirement,[1] and (2) that this is an action against the APA *only* for breach of its duty of fair representation, for which the grievance process cannot provide a remedy. The Court finds Plaintiff's second argument persuasive.

Inexplicably, the APA does not address the significant body of law that holds it is unnecessary to examine the exceptions to the rule requiring exhaustion of administrative remedies when a claim for breach of duty of fair representation is properly alleged because the rule requiring exhaustion does not apply to discreet claims such as this against the APA. *DelCostello v. Int'l Broth. of Teamsters,* 462 U.S. 151, 164 (1983) (the exhaustion "rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding"); *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 567

---

[1] "The [Supreme] Court has made clear . . . that the exhaustion requirement is subject to a number of exceptions for the variety of situations in which doctrinaire application of the exhaustion rule would defeat the overall purposes of federal labor relations policy." *Glover v. St. Louis-San Francisco Ry. Co.,* 393 U.S. 324, 329-30 (1969).

(1976) ("[t]he union's breach of duty relieves the employee of an express or implied requirement that disputes be settled through contractual grievance procedures"); *Czosek v. O'Mara*, 397 U.S. 25, 28 (1970) ("claim against the union defendants for the breach of their duty of fair representation is a discrete claim quite apart from the right of individual employees expressly extended to them under the Railway Labor Act to pursue their employer before the Adjustment Board"); *Vaca v. Sipes*, 386 U.S. 171, 185 (1967); *Steele v. Louisville & N.R.R.*, 323 U.S. 192, 205-207 (1944) (because the RLA provided no administrative means for resolving disputes between employees and their own union, such actions could be brought in the courts).

> Unlike arbitration panels, which are typically chosen by the actual parties to the dispute, the Adjustment Boards are made up of representatives of the unions and employers. Because of the vested interest of the union representatives sitting on the Board, it is "beyond cavil" that the Boards lack the jurisdiction to hear the unfair representation claim. *Czosek*, 397 U.S. at 28. It seems equally obvious that the courts must also recognize that, when unfair representation claims are asserted in conjunction with the CBA breach claim, a decision-making body consisting of union and employer representatives is inherently unlikely to consist of neutral fact finders to resolve the CBA portion of the claim. Accordingly, the Court concludes that, in the instant case, the §1981 and §1985 claims are not subject to dismissal for failure to pursue the remedies of the Railway Labor Act.

*Middleton v. CSX Corp.*, 694 F.Supp. 941, 948 (S.D. Ga. 1988); *Glover*, 393 U.S. at 328 ("It is beyond cavil that a suit against the union for breach of its duty of fair representation is not within the jurisdiction of the National Railroad Adjustment Board

or subject to the ordinary rule that administrative remedies should be exhausted before resort to the courts").  Even the APA even acknowledges that Plaintiff "is correct that the System Board cannot hear her [duty of fair representation] claim."  DE 28 at 9 of 15.  Accordingly, Plaintiff's claim against APA is ripe, this Court has subject matter jurisdiction, and Plaintiff may properly proceed without National Railroad Adjustment Board review.  Accordingly, it is hereby

    **ORDERED AND ADJUDGED** that Defendant Allied Pilots Association's Motion to Dismiss [DE 20] is **DENIED.**

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of March, 2017.

                                                          KENNETH A. MARRA
                                                          United States District Judge